IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ELWOOD TEAGLE, | § | |
| | § | No. 647, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for Sussex County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0004014391 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 8, 2015
Decided: March 10, 2015

Before **HOLLAND**, **VALIHURA** and **VAUGHN**, Justices.

### O R D E R

This 10th day of March 2015, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:

(1) The appellant, Elwood Teagle, filed this appeal from the Superior Court's denial of his motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). The appellee, State of Delaware, has filed a motion to affirm the Superior Court judgment on the ground that it is manifest on the face of Teagle's opening brief that the appeal is without merit. We agree and affirm.

(2)     Teagle was convicted in 1981 of multiple counts of Rape in the First Degree, Attempted Rape in the First Degree, Possession of a Deadly Weapon During the Commission of a Felony, Kidnapping in the First Degree, Attempted Manslaughter, Assault, and Burglary in the Second Degree, and was sentenced to two life sentences plus thirty-four years of imprisonment.[1]   On direct appeal, this Court vacated the attempted manslaughter conviction and sentence and affirmed the remaining convictions and sentences.[2]   In the past thirty years, Teagle has moved for postconviction relief several times, all without success.[3]

(3)     This appeal is from the Superior Court's November 7, 2014 denial of Teagle's most recent postconviction motion as procedurally barred.[4]   Having considered the parties' positions on appeal, we find it manifest that the Superior Court's judgment should be affirmed.  Teagle's postconviction motion raised overlapping claims of insufficient evidence and ineffective assistance of counsel that were procedurally barred as

---

[1] *See generally Teagle v. State*, 1989 WL 16869 (Del. Jan. 18, 1989) (summarizing procedural history when affirming denial of postconviction relief).

[2] *Id.*, at ¶ 1 (citing *Teagle v. State*, Del. Supr., No. 315, 1981, McNeilly, J. (Mar. 11, 1983) (ORDER)).

[3] *Teagle v. State*, 1989 WL 16869 (Del. Jan. 18, 1989); *State v. Teagle*, 2000 WL 305512 (Del. Super. Jan. 12, 2000), *aff'd*, 2000 WL 949646 (Del. April 4, 2000); *State v. Teagle*, 2010 WL 4274574 (Del. Super. Oct. 5, 2010), *aff'd, Teagle v. State*, 2011 WL 1402881 (Del. April 12, 2011).

[4] Del. Super. Ct. Crim. R. 61(d), (i).

2

untimely, repetitive, and formerly adjudicated.[5]   On appeal, Teagle has failed to overcome the procedural hurdles.[6]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:


/s/ Karen L. Valihura
Justice

---

[5] Del. Super. Ct. Crim. R. 61(d)(2); (i)(1), (2), (4).

[6] Del. Super. Ct. Crim. R. 61(i)(5).